# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**DAZZLE SOFTWARE II, LLC,**
a Michigan limited liability company, and
**L AND L GOLD ASSOCIATES, INC.**,
a Michigan corporation, d/b/a **AMERICAN JEWELRY AND LOAN**,

    Plaintiffs,

v.

**JOHN KINNEY**, an individual, and
**CENTRAL OHIO SCRAP METAL CO.**, an Ohio corporation, d/b/a
**LEV'S PAWN SHOP**,

    Defendants.

_____/

Case No. 2:16-cv-12191-MFL

Dist. Judge Matthew F. Leitman

Mag. Judge Mona K. Majzoub

## REPLY BRIEF IN SUPPORT OF EX PARTE APPLICATION FOR SEIZURE OF COMPUTER STORAGE DEVICES AND COMPUTERS PURSUANT TO THE DEFEND TRADE SECRETS ACT OF 2016

Plaintiffs Dazzle Software II, LLC ("Dazzle II") and L and L Gold Associates, Inc., d/b/a American Jewelry and Loan ("AJL"), submit this reply brief in further support of their Ex Parte Application for Seizure of Computer Storage Devices and Computers Pursuant to the Defend Trade Secrets Act of 2016 (the "Ex Parte Application," Dkt. No. 2).

I.   **APPLICABILITY OF DEFEND TRADE SECRETS ACT OF 2016**

In their opposition to Plaintiffs' Ex Parte Application, Defendants John Kinney and Central Ohio Scrap Metal Co., d/b/a Lev's Pawn Shop ("Lev's Pawn Shop"), first argue that Plaintiffs cannot obtain relief under the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836, *et seq.*, because the Act applies only to misappropriation that occurs on or after the Act's effective date, which is May 11, 2016, and the misappropriation alleged by Plaintiffs occurred prior to that date. Defendants have also filed a motion to dismiss Plaintiffs' DTSA claim pursuant to Fed. R. Civ. P. 12(b)(6), raising this same argument. *See* Dkt. No. 14.

Plaintiffs have filed their response to Defendants' motion to dismiss, setting forth the reasons why they believe they have stated a plausible claim for relief under the DTSA. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 12(b)(6) motion to dismiss must be denied where the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted). Plaintiffs rely upon, and incorporate by reference

1

herein, the arguments set forth in their response to the motion to dismiss.  Based on those arguments, Defendants' contention that the DTSA is inapplicable should be rejected.

## II.   CONSIDERATIONS RELEVANT TO REQUESTED RELIEF

### A.   Plaintiffs Have Presented Substantial Evidence of Kinney's Theft of Plaintiffs' Trade Secrets and Attempts to Misdirect Plaintiffs

Defendants cavalierly dismiss Plaintiffs allegations as "mere suspicions and unsupported assertions," Dkt. No. 15, p. 15, and contrast Plaintiffs' purportedly unsupported allegations with Kinney's sworn denial of any "intentional wrongdoing" in his affidavit, where he states that "Lev's Pawn Shop is not knowingly in possession of any trade secrets or intellectual property, belonging to Plaintiffs."  Dkt. No. 15-3, ¶ 24.

It is hardly suspicion and unsupported speculation that Kinney did, in fact, travel to the Best residence and make a complete image of the Third Computer (as defined in the Verified Complaint) on March 5, 2016, and that he was in possession of one or more external storage devices containing intellectual property belonging to Plaintiffs in which he had no rights whatsoever.  Verified Complaint ("VC"), Dkt. No. 1, ¶¶ 25-28, 39.  Kinney's imaging of the Third Computer was confirmed by a forensic examination conducted by Mark St. Peter, who is an experienced and well-credentialed computer expert.  *See* Declaration of Mark St. Peter, Exhibit 4 to VC, Dkt. No. 1-5.  Mr. St. Peter prepared a detailed report of his

activities, explaining exactly what he did and how he determined that a complete image of the Third Computer was made and that the imaging was not interrupted. *Id*. Accordingly, contrary to Defendants' assertions, there is solid, objective evidence substantiating the theft of Plaintiffs' intellectual property.

Moreover, Kinney has never denied that he was at the Best residence that day. In fact, he has admitted that he was there, claiming, however, that he tried to duplicate the contents of the Third Computer but that his efforts were thwarted. VC, ¶ 32. Based on the objective evidence obtained through Mr. St. Peter's examination of the Third Computer, this statement appears to be a complete fabrication. Moreover, Kinney does not address in his affidavit -- probably wisely so -- many of the key facts and circumstances that underlie this cause of action, such as: his activities on March 5, 2016 and why he traveled to Michigan to gain access to the Third Computer; how his attempt to duplicate the contents of the Third Computer was interrupted; what happened to the external storage devices he connected to the Third Computer on March 5; and why two completely different storage devices -- falsely represented to be the same devices that Kinney connected to the Third Computer on March 5 -- were delivered to Plaintiffs' counsel prior to the filing of this lawsuit. Kinney's affidavit raises more questions than it answers about his conduct and what became of Plaintiffs' intellectual property.

Moreover, in his affidavit, Kinney now asserts that on December 26, 2015, Mr. Best issued 26 licenses to Lev's Pawn Shop for the Dazzle Software and that those licenses are valid through December 31, 2016. Dkt. No. 15-3, ¶¶ 4-5. If that is the case, and Plaintiffs do not concede that it is, it begs the further question of what possible reason Kinney could have had to travel from Ohio to Michigan and request that Mrs. Best allow him to access the Third Computer. He certainly would not have needed a temporary license to operate the Dazzle Software. Kinney again offers no explanation, and there is no legitimate reason why he would have needed to gain access to the Third Computer if Lev's already had licenses to operate the Dazzle Software through the end of 2016.

Kinney had every opportunity to come clean prior to Plaintiffs' filing of this lawsuit and explain his actions and what he did with Plaintiffs' intellectual property. Instead, he made apparent misrepresentations in an attempt to misdirect Plaintiffs and conceal the full scope of his activities. His affidavit does nothing to negate the concerns raised by his deceptions and his apparent disregard for the intellectual property rights of others, as set forth in the Verified Complaint and in Plaintiffs' Ex Parte Application.

### B.  Defendants' Contention That Plaintiffs Have Admitted That No Misappropriation Occurred is Baseless

Defendants also assert that Plaintiffs have somehow "admitted" that no trade secret misappropriation occurred by stating in their Ex Parte Application that

Kinney accessed the Third Computer with the consent of Mrs. Best at a time when she possessed the authority to grant such access. Dkt. No. 15, p. 17. This, of course, completely ignores the allegations in the Verified Complaint that Mrs. Best granted Kinney access to the Third Computer for the "sole and limited purpose" of obtaining a temporary code or license for the Dazzle Software and that Kinney exceeded the bounds of the access provided by Mrs. Best, without her knowledge, by imaging the entire computer. VC, ¶¶ 26-27. Any contention that misappropriation cannot be established because Kinney was somehow authorized to copy the entire contents of the Third Computer is simply absurd.

      Defendants note that Plaintiffs did not submit an affidavit from Mrs. Best and claim that there is "no admissible evidence" that Kinney exceeded his authorized access. Dkt. No. 15, p, 18. However, as noted above, Plaintiffs submitted a Verified Complaint setting forth the facts demonstrating that Kinney exceeded the scope of the access authorized by Mrs. Best. The DTSA expressly permits a court to issue an ex parte seizure order based on a verified complaint. 18 U.S.C. § 1836(b)(2)(A)(i). Defendants also complain elsewhere in their brief about a lack of "admissible evidence," but this contention is not sustainable in light of the express language of the DTSA. *Id.* Defendants also ignore the sworn declaration of Mr. St. Peter setting forth in detail the results of his forensic

examination of the Third Computer, which demonstrate the complete imaging of that computer.  Dkt. No. 1-5.

### C.    Defendants Have Mischaracterized Plaintiffs' Seizure Request

Defendants also mischaracterize the scope of Plaintiffs' request for seizure. At page 19 of their response brief, Defendants carefully edit Plaintiffs' request to assert that Plaintiffs are asking for "any computers…that may have been used by Defendants…" Dkt. No., p. 19.  Defendants have thus attempted to portray Plaintiffs' request as a scattershot request for all of the computers Lev's Pawn Shop uses in its operations.  Adding back in the language Defendants omitted demonstrates that Plaintiffs' request is much narrower than Defendants would have the Court believe.  Plaintiffs requested seizure of "any computers <u>and computer storage devices</u> that may have been used by Defendants <u>to store, copy, review, disseminate or otherwise access any of the data copied by Defendants from the Third Computer to any or all of the Storage Devices.</u>"  Dkt. No. 2, pp. 7-8 (with the omitted language underlined).  Thus, Plaintiffs have not requested seizure of all of the computers of Lev's Pawn Shop, but only those computers and storage devices that may house, or house evidence of, Plaintiffs' trade secrets.  If that group did, in fact, encompass all of Lev's Pawn Shop's computers, Defendants could hardly be heard to complain of any disruption that might be caused by a seizure order, which, in any case, could be tailored to minimize the disruption.

## III. CONCLUSION

For the reasons stated herein and in Plaintiffs' Ex Parte Application, Plaintiffs request that the Court grant the relief requested in the Application or such other relief as the Court deems appropriate.

                                              Respectfully submitted

                                              JAFFE, RAITT, HEUER & WEISS, P.C.

Dated: July 14, 2016            /s/ James J. Parks
                                              James J. Parks (P39742)
                                              David S. McDaniel (P56994)
                                              27777 Franklin Road, Ste. 2500
                                              Southfield, MI 48034
                                              (248) 351-3000
                                              jparks@jaffelaw.com
                                              dmcdaniel@jaffelaw.com

---

**CERTIFICATE OF SERVICE**

I CERTIFY that on July 14, 2016, I filed a copy of the foregoing document with the Clerk of the Court via the ECF system, which will provide electronic notice of the filing to all attorneys of record in this case.

Date: July 14, 2016            /s/ Jacqueline D. Delevie
                                          Jacqueline D. Delevie

---