UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAZZLE SOFTWARE II, LLC, et al.,

       Plaintiffs,   Case No. 16-cv-12191
                                       Hon. Matthew F. Leitman

v.

JOHN KINNEY, et al.,

       Defendants.
_____/

**STIPULATED ORDER FOR PRESERVATION OF PHYSICAL ITEMS AND NON- DISSEMINATION/DISCLOSURE OF DATA**

On July 18, 2016, the Court entered an order (Dkt. No. 20) that, in part, directed the Parties to work together to draft, and submit for entry, a proposed, stipulated order prohibiting: (1) the destruction of certain physical items (including, but not limited to, computers and/or flash drives) and/or documents, and (2) the disclosure and/or dissemination of certain items, documents, and information. In accordance with the Court's order, the parties have conferred and stipulated to the terms of a proposed order, as set forth below.

Pursuant to the Parties' stipulation, the Court HEREBY ORDERS the following:

1

3532572.v1

1. The party in possession, custody, or control of any the following electronic devices listed below in subparagraphs a through f, shall preserve, and shall not destroy or tamper with, said electronic device(s), and shall not destroy or tamper with, any files, information, or data contained on said electronic device(s) until further order of this Court:

    a) Western Digital WD My Passport 0820 USB Device, bearing serial/identification number 57584531414133543838337;

    b) ADATA USB Flash Drive ISB Device bearing serial/identification number 11a1713082120014;

    c) UFD USB Flash Drive USB Device bearing serial/identification number aawcrfc21gqwena9;

    d) The "Third Computer", as identified in Plaintiffs' Verified Complaint (Dkt. No. 1);

    e) The laptop computer that Defendant John Kinney, and/or his associate or assistant who accompanied him, brought to the residence of LiPing Liufu Best in Farmington Hills, MI on March 5, 2016;

    f) Any and all devices, computers, external drives, flash drives, storage devices, cloud or other storage containing any data

2

3532572.v1

obtained or duplicated from the Third Computer at the residence of LiPing Liufu Best, on March 5, 2016,

2. Paragraph (1) applies equally to all existing data allegedly copied from the Third Computer on March 5, 2016, including but not limited to any mirror images that may have been made or may be made of any of the computers, computer storage devices, and/or data or identified in paragraph (1).

3. The party in possession of any device identified in Paragraph 1 shall make such device available for examination by the opposing party's forensics expert(s), such time(s) and locations to be mutually agreed upon, subject to the following stipulations:

a) Any devices listed in Paragraph 1 that are used in the ordinary course of business by either party shall only be examined outside of normal business hours, unless alternative arrangements are agreed upon by the parties;

b) The Parties shall make any of the devices listed in Paragraph 1 that are in their possession, custody, or control, available to each other's expert for examination at least thirty-days prior to the depositions of Seth Gold and/or Mark St. Peter and/or John Kinney, unless alternative arrangements are agreed upon by the parties;

3532572.v1

    c) Defendants' expert shall be afforded reasonable time, per industry standards, to examine any of the devices listed in Paragraph 1.

4. Should either of the Parties, at the time of this Order, be in possession of any proprietary, or trade-secret information of the other, as defined under the Uniform Trade Secrets Act, and adopted in Michigan under the Michigan Uniform Trade Secrets Act, it is Ordered that such information remain confidential, and such information shall not be disseminated to any third-parties, nor shall such information be accessed, viewed, utilized or copied in any manner.

5. All other documents, data, files and other information relevant to the claims and defenses alleged in this lawsuit, and not specifically mentioned in this Order, shall be preserved in accordance with the law.

6. The Parties shall bear their own costs with regard to any of the provisions, or computer examinations set forth herein.

7. Nothing herein shall be construed as a finding on the merits of any claim or defense asserted by the Parties.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2016

Approved for entry:

| | |
|---|---|
| /s/James J. Parks | /s/Elliott R. Good |
| James J. Parks (P39742) | Eliott R. Good (Ohio No. 0025635) |
| David S. McDaniel (P56994) | Phillip C. Korovesis (P40579) |
| Jaffe, Raitt, Heuer, & Weiss, P.C. | Paul M. Mersino (P72179) |
| 27777 Franklin Road, Ste. 2500 | Butzel Long, P.C. |
| Southfield, MI 48034 | 150 West Jefferson, Ste. 100 |
| (248) 351-3000 | Detroit, MI 48226 |
| jparks@jaffelaw.com | (313) 225-7000 |
| dmcdaniel@jaffelaw.com | korovesis@butzel.com |
| | mersino@butzel.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

3532572.v1